ORIGINAL

FILED
JUL 31 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KDI DISTRIBUTION, INC.

v.

THE UNITED STATES

No. 08-550 T

**RCFC 40.2 NOTICE OF DIRECTLY RELATED CASES AND MOTION TO CONSOLIDATE**

Pursuant to RCFC 40.2(a), KDI Distribution, Inc. d/b/a Krossland Communications ("KDI"), declares that the following earlier-filed cases are directly related to KDI's above-captioned excise tax refund suit and requests consolidation with these cases: (1) Case No. 06-00277T, *Locus Telecommunications, Inc. v. United States*; and (2) Case No. 05-01184T, *Locus Telecommunications, Inc. v. United States.*

These cases are "directly related" within the meaning of RCFC 40.2(a)(1) because they "are based on the same … claims." Specifically, KDI has filed claims with the IRS claiming entitlement to a refund of the telephone excise tax it has paid on its purchases of prepaid telephone cards ("PTCs") from Locus Telecommunications, Inc. ("Locus"). Locus has also filed refund claims (and the accompanying, previously denominated, lawsuits) for the excise tax paid by KDI. KDI and Locus are therefore claiming the right to the same telephone excise tax refunds.

As the first non-carrier in the chain of PTC distribution (*i.e.*, the transferee), KDI—not Locus—is the taxpayer entitled to claim excise tax refunds. Section 4251(d)(1) of the Internal Revenue Code of 1986, as amended ("Code") declares that "in the case of

communications services acquired by means of a prepaid telephone card—(A) the face amount of such card shall be treated as the amount paid for such communications services, and (B) *that amount shall be treated as paid when the card is transferred by any telecommunications carrier to any person who is not such a carrier*."

In Treas. Reg. § 49.4251-4(d)(1), the Service reiterated that transferees are the taxpayers: "Under section 4251(d), the section 4251(a) tax is imposed on the transfer of a PTC by a carrier to a transferee. *The person liable for the tax is the transferee*."

In its operative Notice on telephone excise tax refund claims, I.R.S. Notice 2007-11, 2007-5 I.R.B. 405 (2007), the Service further clarified that the transferee is entitled to the refund. The IRS, citing § 4251(d) of the Code and Treas. Reg. § 49.4251-4(d)(1), stated that "The transferee is the person liable for the tax paid on a PTC and thus generally is the person eligible to request a credit or refund of the tax it paid ...." *Id.* at § 6(c).

Against this background, KDI filed a Form 8913 (Credit for Federal Telephone Excise Tax Paid) in conjunction with its 2006 income tax return. This refund claim was audited by the IRS, which, in a letter dated June 20, 2008, disallowed refunds of any taxes paid through Locus because, *inter alia*, "Locus ... is currently involved in litigation with the government concerning its entitlement to the refund of telephone excise taxes." In the Service's view, KDI and Locus have filed the same refund claims, only one of which can be allowed.

Payment of the refund to KDI precludes payment of the refund to Locus, and vice-versa. KDI therefore respectfully requests that the cases be consolidated or that the Court order a joint hearing or trial on the issue of which entity is entitled to this

excise tax refund. As stated in RCFC 42(a), "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions [or] it may order the actions consolidated." Because the "cases share common issues of fact and law and because consolidation would promote judicial economy and obviate a substantial risk of inconsistent judgments," *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 802 (2004), the Court should either consolidate the cases or order a joint trial or hearing to determine which claimant is entitled to the refund.

Respectfully submitted,

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Counsel for KDI Distribution, Inc.

Dated: 7/31/08

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| KDI DISTRIBUTION, INC.<br><br>v.<br><br>THE UNITED STATES | No. __ |

**PROPOSED JUDGMENT ENTRY AND ORDER**

This matter came before the Court this __ day of __________ 2008 upon KDI Distribution, Inc.'s Motion To Consolidate. The Court finds the Motion well taken.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that KDI Distribution, Inc.'s Motion To Consolidate be granted.

IT IS SO ORDERED.

____________________
Judge