# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KDI DISTRIBUTION, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

No. 08-550T
Judge Robert H. Hodges, Jr.

## KDI'S REPLY TO LOCUS'S OPPOSITION TO KDI'S MOTION TO CONSOLIDATE

## INTRODUCTION

KDI Distribution, Inc. d/b/a Krossland Communications ("KDI"), submits this reply to Locus Telecommunications, Inc's. Opposition to KDI's Motion to Consolidate ("Opposition"). Contrary to Locus's allegations, KDI's Motion to Consolidate should be granted because KDI and Locus are seeking precisely the same excise tax refund, which can be given to only one of them; neither Locus nor the Government will be prejudiced by consolidation; and KDI was a transferee and *not* a common carrier for the Locus pre-paid telephone cards ("Cards") at the center of this litigation.

### I. Consolidation Is Appropriate Because The Parties Are Seeking The Same Monies

RCFC 42(a) says that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions [or] it may order the actions consolidated."[1] The cases at issue

[1] When "cases share common issues of fact and law and … consolidation would promote judicial economy and obviate a substantial risk of inconsistent judgments," *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 802 (2004), the Court should either consolidate the cases or order a joint trial or hearing to determine which claimant is entitled to the refund.

here do not simply "involv[e] a common question of law or fact;" they involve two parties seeking a single refund to which only one is entitled, to the point where essentially *all* of the crucial questions of law and fact presented in both cases are "common."

Locus, while not the statutory taxpayer, claims that it bore the economic burden of this tax and is therefore entitled to the excise tax refund that all of the parties appear to concede is due either to Locus or to KDI. KDI, which ***is*** the statutory taxpayer, alleges that Locus collected the tax from KDI when KDI purchased Cards from Locus.

In this regard, the Court should not accept Locus's conclusory allegation that "because it bore the economic burden, it is impossible for KDI to present a plausible showing that it paid the FET …." Locus Opposition at 7. Rather, a collection agent such as Locus is required to *prove* by a preponderance of the evidence that it bore the economic burden of the tax. *Tenneco v. United States,* 17 Cl. Ct. 345, 350 (1989), *aff'd*, 899 F.2d 1227 (Fed. Cir. 1990) (table). As the source of the funds used by Locus to pay the taxes that are to be refunded, KDI disagrees vigorously with Locus's views on this issue. But what is essential for present purposes is not which party is correct, but simply that the issue is one to be decided on motions for summary judgment or at trial, and not in the context of a Motion to Consolidate.

KDI should be permitted to participate in these proceedings because its right to the refund that both entities seek will effectively be terminated if Locus prevails on summary judgment or at trial, and because no other party can adequately protect its interests. KDI is uniquely informed and motivated to oppose Locus's right to the refund. The Government, although eager to see the dispute resolved expeditiously and in accordance with the law, is not knowledgable about the relationship between Locus and

KDI. And because the Government has already conceded that *someone* is entitled to refund of the taxes at issue, it is likely more interested in ensuring that it does not have to refund those taxes twice than in the decision as to which claimant is entitled to the refund.

**II. KDI's Motion To Consolidate Is Timely, And Allowing Consolidation Will Prejudice Neither Locus Nor The Government**

As described in greater detail in KDI's Reply to Locus's Opposition and the Government's Response to KDI's Motion to Intervene (filed August 15, 2008), KDI's Motion to Consolidate is timely. The parties have not yet filed motions for summary judgment on the dispositive issue in this case—which entity bore the economic burden of the tax. Further, until the IRS informally disallowed KDI's refund claim on June 20, 2008, KDI had no reason to believe that Locus and the IRS would not honor KDI's revocation of its "consent." KDI believed that its revocation was timely given that it was transmitted to Locus and the Service over a year before Locus filed a motion seeking a declaration of its entitlement to the taxes paid from the funds it collected from KDI.[2] KDI therefore had no incentive to participate in Locus's refund lawsuit until quite recently.

Because KDI is willing to forego discovery on the issue of economic burden, neither Locus nor the Government will be prejudiced by KDI's participation in the summary judgment proceedings on this issue. If KDI is granted access to the documentary evidence already in the record, KDI will abide by the summary judgment schedule set forth in the Joint Status Report of August 15. Under this schedule, Locus

[2] KDI sent its revocation letter in July 2007, and Locus's Motion for Summary Judgment is not due to be filed until September 15, 2008. And as noted elsewhere, the taxes remitted by Locus on Cards purchased by KDI were **not** among those that the Government agreed to refund to Locus seven months ago.

will file a Motion for Summary Judgment on September 15, and the Government and Locus will file Oppositions and Cross Motions in accordance with the Court's rules.

## III. KDI Is A Distributor Of Locus's Cards, Not A Common Carrier

Locus claims in its Opposition that KDI is a common carrier and, as such, not the transferee (the first non-common carrier in the Card distribution chain) entitled to the excise tax refund.[3] That allegation is meritless.

First, the Cards themselves say that Locus is the provider of the subject telecommunications services (*i.e.*, the common carrier) while KDI is the distributor or transferee. *See, e.g.,* the back of "La Gloria" Card, attached as Exhibit A, stating "Network services provided by Locus," "Service Provided by Locus," and "Distributed by Krossland." Consistent with its status as the carrier in the provision of the services at issue here, Locus—and not KDI—fields and resolves all end-user customer service inquiries related to the telecommunications services embodied in the Cards. And Locus sets the price of the Cards and has sole control over the number of minutes the card can be used for to call various international locations.

Thus Locus—and not KDI—fits the Federal Communications Commission's definition of a common carrier that provides telecommunications services through Cards:

> Prepaid Card [providers] provide [ ] prepaid calling card services by selling prepaid calling cards to the public, *to distributors* or to retailers … Prepaid card providers … determine the price of the service by *setting the price of the card and controlling the number of minutes that the card can be used for*.[4]

---

[3] "Under section 4251(d), the section 4251(a) tax is imposed on the transfer of a PTC by a carrier to a transferee. *The person liable for the tax is the transferee*." 26 C.F.R. § 49.4251-4(d)(1) (emphasis added). "Transferee" is defined as "the first person that is not a carrier to whom a PTC is transferred by a carrier." *Id.* § 49.4251-4(b).

[4] Telecommunications Reporting Worksheet, FCC Revised Form 499-A (2008) at 14-15 (emphasis added). http://www.fcc.gov/Forms/Form499-A/499a-2008.pdf.

Second, Locus conceded that it was the carrier providing the services at issue when it filed Forms 720 with the IRS. Locus Complaint in Docket 05-1184, ¶ 7. Form 720 is filed by "the person receiving the payment for communications services," *i.e.*, the common carrier, which is required to "collect and pay over the tax and file the return."[5] KDI, as a non-carrier in this context, had no filing obligations. It was just the taxpayer from which Locus collected the tax before remitting it to the IRS.[6]

**CONCLUSION**

Because KDI and Locus both seek the same federal excise tax refund, the Court should grant KDI's Motion to Consolidate. Consolidation will promote the public interest in the efficient use of judicial resources, eliminate the risk of inconsistent outcomes, and prejudice neither Locus nor the Government.

Respectfully submitted,

s/ Stephen J. Rosen

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
Phone: 202-857-2550
Fax: 202-223-0833

Counsel for KDI Distribution, Inc.

Dated: August 29, 2008

---

5 IRS Instructions for Form 720 (Rev. 2008) at 3. http://www.irs.gov/pub/irs-pdf/i720.pdf.

6 In 2001, KDI did indeed obtain the Section 214 authorization referenced in Locus's Opposition. Opposition at 5. As noted in the authorization itself, however, this license was required for KDI to provide "facilities-based" international communications service (at the time KDI owned its own switch). That service was unrelated to KDI's activities as a distributor of Locus's Cards, in connection with which KDI seeks the instant refund. Parenthetically, KDI discontinued its facilities-based service in 2005.

# EXHIBIT A: LA GLORIA CARD







KROSSLAND INTERNATIONAL
PREPAID PHONE CARD

La INTERNATIONAL GLORIA

**• Local** And Toll Free* Number •**

| Area | Spanish / English | Area | Spanish / English |
|---|---|---|---|
| Los Angeles | (213) 596-0003 / 3429 | Anaheim | (714) 905-0458 / 0457 |
| El Segundo | (310) 321-0341 / 0340 | Oxnard | (805) 200-0325 / 0324 |
| Inglewood | (310) 491-0252 / 0191 | Thousand Oaks | (805) 277-0155 / 0154 |
| San Pedro | (310) 707-2387 / 2386 | Camarillo | (805) 504-1013 / 1012 |
| Torrance | (310) 755-2382 / 2381 | San Fernando | (818) 332-0614 / 0613 |
| Gardena | (310) 818-0607 / 0606 | Van Nuys | (818) 465-0605 / 0604 |
| West LA | (310) 873-1284 / 1283 | Canoga Park | (818) 466-0541 / 0540 |
| Montebello | (323) 558-0781 / 0780 | Glendale | (818) 630-0618 / 0617 |
| LA Downtown 8 | (323) 908-0176 / 0175 | Burbank | (818) 861-1096 / 1095 |
| Alamitos | (562) 252-0540 / 0927 | North Hollywood | (818) 942-0430 / 0429 |
| La Habra | (562) 365-0176 / 0175 | San Bernardino | (909) 266-0927 / 0926 |
| Long Beach | (562) 366-0927 / 0926 | Arlington | (909) 324-0340 / 0339 |
| Alamitos | (562) 666-0218 / 0217 | Riverside | (909) 530-2221 / 2220 |
| Norwalk | (562) 977-0818 / 0817 | Corona | (909) 531-1283 / 1282 |
| La Puente | (626) 723-0577 / 0576 | San Dimas | (909) 568-0728 / 0727 |
| Pasadena | (626) 737-0101 / 0100 | Chino | (909) 573-0387 / 0386 |
| Azusa | (626) 771-0927 / 0926 | Pomona | (909) 632-0407 / 0406 |
| Santa Clarita | (661) 310-0155 / 0154 | Fontana | (909) 663-0157 / 0156 |
| Palmdale | (661) 456-0155 / 0154 | Temecula | (909) 894-0167 / 0166 |
| Fullerton | (714) 388-0585 / 0584 | Ontario | (909) 972-0176 / 0175 |
| Santa Ana | (714) 426-1422 / 1421 | Diamond Bar | (909) 978-0568 / 0567 |
| Huntington Beach | (714) 594-0570 / 0569 | Irvine | (949) 608-0176 / 0175 |
| Buena Park | (714) 684-0307 / 0306 | Newport Beach | (949) 791-0444 / 0443 |

Spanish 1-800-509-4130 Toll-Free* English 1-800-509-4129

By using this Card, you agree to the following: Rates and fees vary and are subject to change. Rates are higher for international cellular, Alaska and Hawaii termination. Higher rates apply to calls originated from Alaska, Hawaii, Canada, Puerto Rico and US Virgin Islands. Calls are billed in three min. increments. A post call fee between one cent and two dollars and an additional surcharge of thirty percent apply after each call, depending upon length and destination of a call. All calls made from a payphone are subject to a 79¢ charge.* Toll-free access is subject to additional 2¢ per minute surcharge.**Network service provider is not responsible for local telephone charges incurred by the customer in gaining access to local telephone network. 49¢ semi-monthly charge applies after first day. Advertised and announced minutes are based on per-minute rates, before fees and surcharges are applied. Calls to directory assistance incur $1.50 charge (max. duration 3 min.). Locus is not responsible for lost, stolen or unauthorized use of PIN. This card has no value, is non-refundable. This card expires 180 days after the date of first use. Network service provider's liability shall be limited to an amount equal to the value of this Card. In no event will the provider be liable for punitive, special, indirect, reliance, incidental or consequential damages. The exclusive remedy for all disputes against the provider arising out of purchase or use of Card, except for matters taken to small claims court, is arbitration by a single arbitrator under the Consumer Arbitration Rules of the AAA. Disputes against the provider will not be heard by a jury or in a court and may not be made part of a class action. Network services provided by Locus Telecommunications, Inc.

Distributed by Krossland / KDI Distribution Inc. Customer Service : 1-800-628-7932

**• Local**and Toll Free* Number (See above for more number.)**

| Area | Spanish / English | Area | Spanish / English |
|---|---|---|---|
| Los Angeles | (213) 596-0003 / 3429 | Santa Ana | (714) 426-1422 / 1421 |
| Inglewood | (310) 491-0252 / 0191 | Anaheim | (714) 905-0458 / 0457 |
| San Pedro | (310) 707-2387 / 2386 | San Fernando | (818) 332-0614 / 0613 |
| West LA | (310) 873-1284 / 1283 | Van Nuys | (818) 465-0605 / 0604 |
| LA Downtown 8 | (323) 908-0176 / 0175 | North Hollywood | (818) 942-0430 / 0429 |
| La Habra | (562) 365-0176 / 0175 | San Bernardino | (909) 266-0927 / 0926 |
| Long Beach | (562) 366-0927 / 0926 | Pomona | (909) 632-0407 / 0406 |
| Norwalk | (562) 977-0818 / 0817 | Fontana | (909) 663-0157 / 0156 |
| La Puente | (626) 723-0577 / 0576 | Ontario | (909) 972-0176 / 0175 |
| Azusa | (626) 771-0927 / 0926 | Irvine | (949) 608-0176 / 0175 |

Spanish 1-800-509-4130 Toll-Free* English 1-800-509-4129

Dialing Instructions PIN:

Dial an access number and enter pin when prompted.
For Domestic: Dial 1+Area Code+Local Number.
For International: Dial 011+Country Code+City Code+Local Number.

2405330775

Customer Service : 1-800-628-7932 0604

Service Provided by Locus Telecommunications, Inc.