IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-550T
(JUDGE HODGES)

KDI DISTRIBUTION, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S RESPONSE TO KDI DISTRIBUTION, INC.'S RCFC 40.2 NOTICE OF DIRECTLY RELATED CASES AND MOTION TO CONSOLIDATE

On July 31, 2008, KDI Distribution, Inc. ("KDI") filed both its Complaint and its RCFC 40.2 Notice of Directly Related Cases and Motion to Consolidate (the "Motion to Consolidate" or "Motion"). KDI's Motion seeks to have this case consolidated with (1) *Locus Telecommunications Inc. v. United States*, CFC No. 05-1184 T, and (2) *Locus Telecommunications Inc. v. United States*, CFC No. 06-277 T (collectively the "*Locus* actions"). For the reasons stated below, Defendant agrees that consolidation for the purposes of summary judgment and, if necessary, trial, is appropriate.

**I. Consolidation Under RCFC 42(a) For The Purposes Of Summary Judgment And, If Necessary, Trial, Is Appropriate.**

RCFC 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning

proceedings therein as may tend to avoid unnecessary costs or delay." "In determining whether consolidation is appropriate, the court must weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation." *Cienga Gardens v. United States*, 62 Fed. Cl. 28, 31 (2004). And in doing so, it:

> must consider whether specific risks of prejudice and possible confusion are "overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). But where there are common issues of law and fact and consolidation would avoid unnecessary costs and potentially conflicting results, consolidation is favored. *See d'Abrera v. United States*, 78 Fed. Cl. 51, 60 (2007); *Cienga Gardens*, 62 Fed. Cl. at 32.

Here, consolidating the present action with the *Locus* actions is appropriate in light of the common questions of law and fact and the potential for conflicting judgments and significant, yet unnecessary, costs. Both KDI and Locus Telecommunications Inc. ("Locus") seek the return of the same excise tax imposed upon prepaid calling cards sold by Locus to KDI. In both the present action and the *Locus* actions, each party must demonstrate that it is entitled to a refund of the excise tax at issue. Thus, in both actions, the Court must determine whether Locus or KDI (or neither) is entitled to a refund of the excise tax at issue because only one of these plaintiffs can recover the excise tax at issue. Thus, the two cases represent the very essence of common questions of law and fact.

Moreover, were these actions maintained separately, the Court and Defendant would be forced to expend precious resources to conduct proceedings on essentially the same facts and

legal arguments. At the same time, Defendant would be at risk of conflicting adverse judgments that would require it to refund twice taxes it collected only once. Consolidating these actions for the purposes of hearing summary judgment motions and, if necessary, trial, would both relieve the Court and Defendant from unnecessary costs and prevent the entry of conflicting judgments against Defendant. Conversely, neither KDI nor Locus would be prejudiced by consolidation. It cannot be contested that recovery of the excise tax by either Locus or KDI would preclude recovery by the other. Moreover, KDI's Motion to Consolidate does not seek to extend the briefing schedule on anticipated motions for summary judgment in the *Locus* action and does not seek to reopen discovery on the issue of economic burden. Indeed, KDI states that it "will abide by the summary judgment schedule set forth in the Joint Status Report of August 15 [filed in the *Locus* actions]." Mot. to Consolidate at 3.

## II. The Court May Consolidate The Actions And Yet Maintain The Current Summary Judgment Briefing Schedule Applicable To The *Locus* Actions.

Although consolidation for the purposes of summary judgment and, if necessary, trial, would be appropriate, no modification of the current summary judgment briefing schedule in the *Locus* actions is necessary. As KDI suggests, Locus may submit its motion and brief on September 15, 2008. Subsequent motions and briefs may then be filed pursuant to RCFC 7.2. Thus, KDI and Defendant may respond to Locus's motion and make cross-motions on October 13, 2008.[1] Thereafter, Locus may reply in support of its motion and respond to any cross-motions on November 10, 2008. Also on November 10, 2008, KDI and Defendant may

[1] RCFC 56 permits plaintiffs to move for summary judgment "after the expiration of 60 days from the commencement of the action . . . ." KDI filed its Complaint on July 31, 2008, and thus, may make a motion for summary judgement on or after September 29, 2008.

respond to any cross-motion made by the other. Finally, on November 24, 2008, KDI and Defendant may reply in support of their respective cross-motions.[2]

After the Court rules on the summary judgment motions, it could then take the appropriate next steps in each action, including, if necessary, permitting discovery.[3]

---

[2] Should the Court grant KDI's Motion and follow the schedule described above, KDI and Defendant anticipate filing a stipulation extending Defendant's time to respond to the KDI Complaint until no later than two weeks after the Court rules on the summary judgment motions.

[3] While KDI has agreed to forgo discovery on the issue of economic burden, were its claims to survive summary judgment, discovery into issues other than economic burden, *e.g.* damages, would be necessary.

## III. Conclusion

In light of the foregoing, Defendant respectfully requests that the Court consolidate the present action with the *Locus* actions for the purposes of summary judgment and, if necessary, trial.

Respectfully submitted,

*s/G. Robson Stewart*

G. Robson Stewart
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 305-2165

Nathan J. Hochman
Assistant Attorney General
Steven I. Frahm
Acting Chief
Court of Federal Claims Section

*s/Steven I. Frahm*
Of Counsel

September 5, 2008
Date